# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Tyrone Hines,<br>    Petitioner,<br><br>v.<br><br>Christine Brannon, Warden,<br>Danville Correctional<br>Center,<br>    Respondent. | Case No: 10 C 7773<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Tyrone Hines has filed a petition seeking habeas corpus relief under § 2254. For the reasons stated below, the petition [1] is denied. Further, the Court denies a certificate of appealability. Civil case terminated.

## STATEMENT

Hines was convicted of burglary after a bench trial in the Circuit Court of Cook County and sentenced to twelve years incarceration. (Resp't's Ex. D, *People v. Hines*, No. 1-09-1824 (Ill. App. Ct. Oct. 22, 2010), Dkt. # 31-4, at 1.) The evidence presented at trial as summarized by the Illinois Appellate Court is as follows:

> Stephen Hill testified that around 2 a.m. on July 28, 2008, he was watching television in the bedroom of his second floor condominium at 2537 North Sawyer Avenue when he heard a window break outside. He looked out his open bedroom window which faced an alley behind his building where there is an uncovered parking lot with four spaces. Hill saw a man, eventually identified as [Petitioner], crawling into a Jeep that was parked in the spot farthest from his window. Hill could see that [Petitioner] had broken the passenger-side window of the car. Hill's view was lit by two streetlights, one on either side of the alley, and he stated that the "lighting [was] pretty good" and he "could see everything." Hill called 9-1-1 as he watched [Petitioner]. A few minutes later, Hill saw a police car drive down the alley and heard the officer

yelling at [Petitioner] to get out of the car and on the ground. When asked if he could identify the man from the parking lot in the courtroom, referring to [Petitioner] Hill said, "I mean, I guess it would be this man. I'm not positive because I mean it was a long time ago."

Hill got dressed and went outside to talk to the police. By the time Hill went outside a second squad car had arrived and more officers were on the scene. An officer asked Hill to identify the perpetrator. The only people in the alley were Hill, three police officers and [Petitioner]. [Petitioner] was being held by an officer and was standing between the two police cars with a light shining on him. Hill identified [Petitioner] as the man he had seen in the car. Hill testified he was able to identify [Petitioner] as the man he had seen in the car. Hill testified he was able to identify [Petitioner] as the man in the car by "Clothing, size, hair. His hair was kind of - I mean, hairstyle. It was obvious that it was the same person. . . . It was obvious because he was the only civilian out there that night."

Officer David Ramos testified that on the night in question he was on duty when he heard a radio call of a burglary in progress at 2537 North Sawyer. Ramos arrived at the alley within two or three minutes and saw [Petitioner] in a car. Ramos yelled at [Petitioner] to get out of the car and he handcuffed him. A second police car arrived with two officers who secured [Petitioner] in the alley while Ramos looked for the 9-1-1 caller. He found Hill and asked whether Hill could identify the man he had seen in the car. Hill identified [Petitioner] as the man in the car. Ramos made a positive identification of [Petitioner] at trial. Ramos acknowledged that at the time of this trial, he was suspended from the police force awaiting an upcoming hearing due to an excessive force complaint.

Barbara Sliouzar, the owner of the Jeep, testified that when she examined her car after the break-in, she was missing a lot of change, mostly pennies, from the car's center console. Sliouzar never gave [Petitioner] permission to enter her car.

2

> Officer Enrique Molas testified that he and his partner
> responded to a call to the alley behind 2357 North Sawyer
> and saw Officer Ramos putting handcuffs on [Petitioner].
> Molas searched [Petitioner] and found $1.15 in mostly
> pennies on him and a screwdriver on the ground behind
> the car.
>
> [Petitioner] testified that at 2 a.m. on the night in
> question, he was on the way home from a club when the
> police stopped him. The officers handcuffed [Petitioner],
> put him in a squad car, drove him to the alley and told
> him to get on the ground where he stayed until he was
> told to get up. The change the officers recovered was from
> a $20 bill [Petitioner] had used earlier. [Petitioner] at no
> time broke into a car.
>
> The court found that the evidence was sufficient to prove
> [Petitioner] guilty of burglary beyond a reasonable doubt.
> [Petitioner] was sentenced as a Class X offender to 12
> years in prison.

(*Id*. at 1-3.)

Petitioner appealed, arguing that his identification at trial was not proven beyond a reasonable doubt. (Resp't's Ex. A, Pet'r's Br., *People v. Hines*, No. 1-09-1824, Dkt. # 31-1. at 8.) The Illinois Appellate Court affirmed the conviction on October 22, 2010. (Resp't's Ex. D, *People v. Hines*, No. 1-09-1824 (Ill. App. Ct. Oct. 22, 2010), Dkt. # 31-4, at 1.) While Petitioner asserts he filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, Respondent states that she "has confirmed that [P]etitioner made no such filing." (Resp't's Answer, Dkt. # 31, at 4.)

Petitioner filed his § 2254 petition on December 7, 2010. On May 25, 2011, Petitioner filed a *pro se* petition for post-conviction relief pursuant to 725 Ill. Comp. Stat. 5/122-1, *et seq.*, raising the following claims:

    (a)    insufficient evidence to prove Petitioner guilty of burglary due to a

3

(b) the arresting officer provided false testimony and was subsequently fired by the Chicago Police for use of excessive force in another case.

(Resp't's Ex. E, Pet. Post-Conviction Relief, Dkt. # 31-5.) The Court stayed Petitioner's § 2254 case based on his representation that he had filed a petition for post-conviction relief in the state court. (Dkt. ## 1, 13, 16.)

Without a detailed discussion of the substance of Petitioner's claims, the Cook County Circuit Court denied his post-conviction petition on June 11, 2011 on the ground that Petitioner failed to assert a substantial denial of his constitutional rights, and concluded that the petition was frivolous and patently without merit. (Resp't's Ex. F, Order, *People v. Hines*, No. 08 CR 14916 (Cir. Ct. Cook Cnty. June 1, 2011.) Petitioner filed a notice of appeal of the June 11, 2011 order denying his petition for post-conviction relief on April 28, 2014, and the circuit court denied the "late notice of appeal" on May 2, 2014. (Resp't's Ex. G, Cert. Stmt. Conviction, *People v. Hines*, Cir. Ct. Cook County, No. 08 CR 14916, at 5.) On May 27, 2014, notification was sent to Petitioner that his notice of appeal had been denied. (Resp't's 9/11/14 Status Report, Dkt. # 27, ¶ 4.)

The Court lifted the stay on September 15, 2014 after having ordered and received a status report from Respondent, which noted the circuit court's denial of his late notice of appeal and notification to Petitioner of the denial. (*Id.*) The status report further stated that Petitioner did not appeal from the circuit court's judgment denying his late notice of appeal and the time for doing so had expired. (*Id.* ¶ 5.) Finally, the status report indicated that according to the Clerk of the Illinois Appellate Court, as of September 9, 2014, no appeal or motion was pending related to the circuit court's denial of Petitioner's late notice of appeal. (*Id.*)

After lifting the stay and receiving Respondent's answer to the § 2254 petition, the Court provided Petitioner with an opportunity to file a reply, but no reply was filed. Accordingly, the Court addresses Petitioner's § 2254 without the benefit of a reply.

Petitioner claims in his § 2254 petition that:

(a) there was insufficient evidence to prove him guilty of burglary based on an inadequate identification; and

(b) the arresting police officer was subsequently fired by the Chicago Police Department for excessive force in a different case.

(Dkt. # 1, at 5.)

Plaintiff's claims are either procedurally defaulted or non-cognizable on federal habeas review. As recently summarized by the Seventh Circuit:

> [A] federal court may not consider the merits of a habeas claim unless that federal constitutional claim has been fairly presented to the state courts through one complete round of review, either on direct appeal or through post-conviction proceedings. Fair presentment contemplates that both the operative facts and the controlling legal principles must be submitted to the state court. Failing to properly present the federal claim at each level of state court review results in procedural default, which can only be overcome if the petition demonstrates cause for and prejudice from the default, or a miscarriage of justice due to actual innocence. Cause is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts. Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial advantage, infecting his entire trial with error of constitutional dimensions.

*Long v. Butler*, — F.3d —, No. 13-3327, 2015 WL 6500128, at *3 (7th Cir. Oct. 27, 2015) (internal citations and quotation marks omitted).

While Petitioner raised in his direct appeal the claim that he was not proven guilty beyond a reasonable doubt because the witness who identified him did not have an adequate opportunity to view the offender and only identified Petitioner after a suggestive lineup, he did not file a PLA to the Illinois Supreme Court. Further, although he raised the same claim in his

5

post-conviction petition, the Illinois circuit court denied his late notice of appeal and he did not pursue any further relief. Accordingly, the insufficient evidence claim based on an unreliable identification by a witness is barred as procedurally defaulted, and Petitioner makes no argument in support of or establishing cause and prejudice.

With respect to his claim that the arresting officer was subsequently fired for excessive force in a different case, it also is procedurally defaulted. While Petitioner raised the claim in his post-conviction petition, the circuit court denied his late notice of appeal and Petitioner did not appeal that ruling. Moreover, Petitioner fails to tie his allegation that the arresting officer was subsequently fired for excessive force in a separate case to a violation of *his* rights under federal law. *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) ("The remedial power of a federal habeas court is limited to violations of the *petitioner's* federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene.") (emphasis added). Therefore, this claim is not only procedurally defaulted but is also non-cognizable on federal habeas review.

For these reasons, Petitioner's § 2254 petition [1] is denied. Further, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must either issue or deny a certificate of appealability in all cases where a final order is entered adverse to the petitioner. Because Petitioner has not made a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," the Court denies a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and

citation omitted).  The Court advises Petitioner that he may seek a certificate of appealability from the Seventh Circuit Court of Appeals.  *See* Fed. R. App. P. 22(b).

**Date**: December 22, 2015

_____
**Ronald A. Guzmán**
**United States District Judge**